8883

TAYLOR v. SPARTANBURG RY. ETC. CO.

HENDERSON v. SPARTANBURG RY. ETC. CO.

(82 S. E. 404.)

STREET RAILWAYS.  CARRIER AND PASSENGER.  FARES.

1. A street railway company may make and enforce reasonable rules to facilitate its business and to protect itself against imposition and fraud.
2. A rule requiring a passenger holding a transfer ticket to take the next car at the point designated on the ticket is reasonable.
3. When a passenger enters a car at a point other than that designated by the transfer check which he has accepted and holds, the conductor is justified in refusing to receive the check, and in demanding fare, and if the passenger refuses under such circumstances to pay fare, the carrier is not liable for ejecting him.

Before MEMMINGER, J., Spartanburg, March, 1913. Reversed.

Actions by Noah D. Taylor and David W. Henderson against Spartanburg Railway, Gas & Electric Company. From judgments for plaintiffs, defendant appeals.

*Messrs. Sanders & DePass,* for appellant, cite: *Right of carrier to make reasonable rules:* 1 Elliott Railroads, secs. 199, 200, 202; 81 S. C. 143; Clark (Street Railway) Accident Law, 2d Ed., p. 193, sec. 81; 110 App. Div. 429; 96 N. Y. Supp. 249; 4 St. Ry. Reports 866. *Ejection of passengers boarding car at a place not a transfer junction:* Note in 5 St. Ry. Reports 118; 35 Wash. L. Rep. 4; 1 Am. Ann. Cases 393. *Whether rule is reasonable a question for Court where facts are not disputed:* 78 S. C. 352. *As to waiver of rules:* 78 S. C. 356. *Tort committed in assertion of supposed right or without actual wrongful intent:* 69 S. C. 434.

FOOTNOTE.—See note on right of street car railroad company to limit time or point of transfer. 8 L. R. A. (N. S.) 287.

July 16, 1914.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

These actions were brought to recover punitive damages on account of the alleged wilful, wanton ejection of the plaintiffs from a car of defendant in the city of Spartanburg. The facts developed at trial were in substance: That on November 13, 1910, the plaintiffs boarded one of defendant's cars at Arkwright, on South Church street, in the city of Spartanburg, and paid the fare demanded. A "transfer ticket" was given to each of them for the purpose of allowing them to transfer from Church street line to the next succeeding car going east on the Main street line. These transfers in accordance with the rule of the company provided that plaintiffs must take the next succeeding car at the transfer point indicated on the ticket, to· wit, where Main and Church streets cross each other. The plaintiffs did not board the car at this place, but walked up Main street to Liberty street, about two hundred yards from the place of transfer, and there got on the car going in the direction they desired to go. The conductor refused to honor these transfers, and when the car stopped at the next stopping place the plaintiffs refused to pay the fare demanded and disembarked from the car. There was a total absence of any evidence on the part of the plaintiffs showing any violence or rudeness on the part of the conductor; but the evidence was that he was courteous and polite in his demeanor and was only trying to enforce the rules of the company as made for his direction. At the conclusion of plaintiffs' evidence a motion for a nonsuit was made by the defendant and refused. When all of the evidence was in, a motion was made by defendant for a direction of verdict. which was refused. His Honor holding that it was a question for the jury to determine whether the rule of the company was a reasonable one, and whether the rights of the plaintiffs had been wilfully invaded or recklessly disre-

garded. The jury rendered a verdict in favor of each of the plaintiffs for $35, and defendant appeals and alleges error on the part of his Honor in not granting a *nonsuit* or ·directing a verdict as asked for, and leaving it to the jury to determine the issue submitted. A street railway company has a right to make and enforce reasonable rules. 1st Elliott on Railroads, sections 199, 200, 202; *Funderburg* v. *Ry.*, 81 S. C. 143, 61 S. E. 1075, 21 L. R. A. (N. S.) 868.

We see nothing in the rule requiring a person holding a transfer ticket to take the next succeeding car at the point designated that is unreasonable. There was no evidence to show that when a passenger once paid, that he was entitled as a matter of right to call for and demand a transfer ticket and ride to the point of his destination on any· car. The car company had the right to make and enforce reasonable rules for its protection against imposition and fraud. In this case the plaintiffs were furnished transfers, and if they had followed the instructions on these transfers they would have seen that the transfers would not be honored unless they took the next succeeding cars at the point designated in the transfers, being in these cases, where Main and Church streets cross each other. To allow a passenger who obtains a transfer to board a car at any time or at any other point than that fixed by the transfer would nullify this reasonable rule of the company, which by both authority and reason it has the right to make, and the conductor was justified in demanding fare, and not receiving the transfers, when the passenger enters the car at a point other than that prescribed by the transfer check which the passengers had accepted; and if passenger refuses to pay under such circumstances the company is not liable for ejecting him. Clark's Accident Law (Street Railway, 2d Ed., p. 193, section 81.) The plaintiffs should have boarded the car at the point designated by the transfer. The uncon--

tradicted testimony shows that they walked *some* distance away from this point and boarded the car at a different place, this they did not have the right to do without paying the fare. When the transfers were refused and fare demanded plaintiffs were informed in a polite manner that they must pay or get off and the car was stopped and plaintiffs got off. There is no evidence in the case that shows that the plaintiffs were in any manner damaged, inconvenienced, rudely treated, insulted, annoyed, or that there was any wrongful invasion of their rights, or that there was any issuable facts for the jury to pass upon; and his Honor was in error in not granting a *nonsuit* or directing a verdict for the defendant as asked for. The judgments are reversed and complaints dismissed.